H. P. DREWRY, S. A. R. L., Plaintiff, *v.* ARISTOTLES S. ONASSIS, Defendant.

Supreme Court, Special Term, New York County, March 31, 1947.

*Henry Selden Bacon* for plaintiff.

*Oscar R. Houston* for defendant.

VALENTE, J. The plaintiff is a French corporation. A previous action brought by it against this defendant was dismissed by order of the Appellate Division in June, 1943, and the order and judgment of the Appellate Division were subsequently affirmed by the Court of Appeals (266 App. Div. 292, affd. 291 N. Y. 779).

The basis of the dismissal was that under the provisions of the Trading with the Enemy Act (U. S. Code, tit. 50, Appendix, § 1 *et seq.*) the plaintiff was an enemy and therefore not entitled to prosecute an action in our courts. The word " enemy " is defined in the Trading with the Enemy Act to include not only residents of nations with which the United States is at war but also residents of areas occupied by the military and naval forces of any nation with which the United States is at war. At the time of the decisions of our Appellate Division and Court of Appeals, previously referred to, France was occupied by the armed forces of Germany, and any resident of France was therefore an enemy by the express terms of the Trading with the Enemy Act. At the time the present action was commenced, however, in December, 1946, all of France had been freed from German military forces for more than a year. It would seem to follow that plaintiff, a French corporation, at the time this suit was instituted was no longer an enemy within the meaning of the Trading with the Enemy Act.

Defendant urges that plaintiff having become an enemy when the forces of Germany occupied France, it continues to be an enemy until the war has officially come to an end. Defendant argues that if the sole criterion of the right of access to our courts during the continuation of a state of war was the withdrawal of enemy forces from a given territory, an impossible situation would result, because, " in the sweep of battle territory is frequently successively submerged by the tides of the contesting armies, first one advancing while the other recedes, and then retreating as the latter resurges." It is true that difficult situations might at times be presented, but in the instant case there cannot be the slightest doubt but that France was no longer occupied by forces of enemy nations at the time the present action was commenced. There is no provision in the Trading with the Enemy Act that any individual or firm which is defined as an enemy because it is a resident of a country occupied by enemy forces continues to be an enemy until the official end of the war, notwithstanding the fact that the enemy forces no longer occupy the country.

The provision of subdivision (b) of section 7 of the Act (U. S. Code, tit. 50, Appendix, § 7, subd. [b]) that nothing therein contained shall be deemed to authorize the prosecution of an action within this country " by an enemy or ally of enemy prior to the end of the war " does not aid the defendant, because France ceased to be an enemy, as defined by the act,

when it was no longer occupied by the military forces of nations with which the United States is at war.

No license from the Treasury Department is necessary as a condition precedent to the maintenance of this suit, once it is held that plaintiff is not an enemy. Such a license may be necessary before any judgment obtained by the plaintiff may be enforced, but it is not a condition precedent to the adjudication of the rights of the parties (see *Singer* v. *Yokohama Specie Bank*, 293 N. Y. 542; *Polish Relief Comm.* v. *Banca Nationala a Rumaniei*, 288 N. Y. 332).

The motion to vacate the service of the summons and to dismiss the complaint is accordingly denied, with leave to answer within ten days from the service of a copy of this order with notice of entry.